IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-80,114-01




EX PARTE HAROLD “BUD” ERIC HAM, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 3477-A IN THE 100TH DISTRICT COURT
FROM HALL COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to ninety-nine years’ imprisonment. The Seventh Court of Appeals affirmed his
conviction. Ham v. State, No. 07-09-00331-CR (Tex. App.—Amarillo 2011, pet. ref’d).
            Applicant contends that trial counsel rendered ineffective assistance because, among other
things, he advised Applicant that he was eligible for community supervision from the jury. 
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant’s claim. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d).
            Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to
be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether counsel’s
advice was deficient. If the trial court finds that counsel’s advice was deficient and the State made
a plea offer that was less severe than Applicant’s sentence, the trial court shall also make findings
and conclusions as to whether Applicant would have accepted the plea offer but for counsel’s
deficient advice, the State would not have withdrawn its plea offer, and the trial court would have
accepted it. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed: September 18, 2013
Do not publish